Martin, J.
Stillwell as principal, and Morse as surety, are sued on an attachment bond, and plead the general issue, and the pendency of another suit, in the same court, for the same cause of action, still undetermined: there was judgment, after a verdict, for the defendants, and the plaintiff appealed.
The case is placed before us on two bills of exceptions.
1. The plaintiff's counsel offered the deposition of one Bigelow, taken in the case of Hatton vs. Stillwell, and the records of the court, to shew that there have been but three suits in it, in which Hatton was plaintiff, two against Stillwell alone, and one against *92 Stillwell & Morse. The district court was of opinion that the deposition was inadmissible, as it was taken in a suit between different parties, and not in the present.
East'n District.
June, 1821.
2. He offered the deputy-sheriff as a witness to prove that the original process of attachment, in which the bond sued upon was given, was levied on the 20th of March, 1820, and prayed that the sheriff's return might accordingly be amended, which was refused.
I. It is urged that the deposition was taken in a suit brought by the present plaintiff, against the present defendant, Stillwell, alone, with whom the other defendant Morse, is now sued as surety. If, on inspection, the court is satisfied, the deposition was taken in the present suit, they will direct any misdescription of the parties to be amended.
But it is said there is no misdescription, Stillwell was the principal, and the mention of his name sufficed; particularly as it appears that Morse appeared by his attorney, before the commissioner.
II. During the pendency of the suit, it is contended, the officer may amend any error in his returns.
*93 The present suit is said to have begun by the prayer of Stillwell, for an attachment, or giving bond with Morse as his surety; on its being obtained, a contingent responsibility attached on Morse; the dissolution of the attachment rendered it absolute. Hence, the present suit is a continuation only of the first.
It appears clear to me, that the court a quo did not err in rejecting depositions taken in a suit to which one of the present defendants, Morse, was not a party, though he may have been present, and cross-examined the witness, as the attorney, of one of the parties.
I cannot consider the present suit as a continuation of that brought by attachment, by one of the present defendants, against the now plaintiff ; and the counsel admits that no amendment can be suffered, after the termination of the suit.
I conclude, the judgment ought to be affirmed.
Mathews, J.
The depositions offered in evidence in this case, and rejected by the court below, as shewn by the record, were taken in another suit, and ought not to have been admitted against Morse, who was no party to that suit.
Ripley for the plaintiff, Morse for the defendants.
I am clearly of opinion that the sheriff ought not to have been allowed to alter or amend his action, on the process and attachment, after the final determination of the original cause, which seems to have taken place before the commencement of this action.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.